**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

ARMANI RUIZ,

Plaintiff,

v.


DOWNTOWN PET HOSPITAL,
LLC

A Florida Limited Liability
Company

        Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, Armani Ruiz, ("Mr. Ruiz" or "Plaintiff"), by and

through his undersigned counsel, and sues the Defendant, Downtown Pet Hospital,

("DPH" or "Defendant") and alleges the following:

1.      Plaintiff brings these claims against Defendant for race discrimination

and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"). Plaintiff is

seeking damages including back pay, front pay, compensatory damages, punitive

damages, declaratory relief, and his attorneys' fees and costs.

**JURISDICTION AND CONDITIONS PRECEDENT**

2.   This Court has original jurisdiction over Plaintiff's § 1981 pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred in Orange County, Florida.

3.   All conditions precedent to this action have been satisfied and/or waived.

## VENUE

4.   Venue is proper because Defendant maintains a location in Orange County, Florida, and conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

## PARTIES

5.   Plaintiff, who is a Hispanic Male of Puerto Rican descent, is protected by Section 1981 because he suffered discrimination by Defendant on the basis of his race and ethnicity; and he objected to the race and ethnicity-based discrimination; and he suffered an adverse employment action and was subjected to an increasingly hostile work environment based on race and based on his objections to the race/ethnicity-based discrimination, including being terminated for same.

6.   Defendant was at all material times an "employer" within the meaning of § 1981.

7.   Plaintiff was at all material times an "employee" of Defendant within the

2

meaning of § 1981.

8.     Defendant is a Florida profit corporation that is located in Orange County, Florida, and that engages in substantial business activities in Orange County, Florida.

## GENERAL ALLEGATIONS

9.     Mr. Ruiz, who is Puerto Rican American, worked for DPH as an hourly-paid employee from April 8, 2022, until his unlawful and retaliatory termination on October 12, 2023.

10.     On or about September 22, 2023, DPH's manager, Kiersten, told Mr. Ruiz that he and other Spanish-speaking employees were no longer allowed to speak their native language anymore.

11.     DPH offered no explanation for imposing this discriminatory policy directed at its Hispanic employees due to their ethnic characteristics.

12.     Mr. Ruiz objected to DPH's Owner, Ann Christine McCulley ("Ms. McCulley"), that its edict was discriminatory, violated Section 1981, and made him extremely uncomfortable in the workplace.

13.     Mr. Ruiz asked Ms. McCulley, through DPH's direct messaging application for an opportunity to discuss its harsh new discriminatory "English-only" policy which discriminated against Hispanic employees.

14.     Instead of addressing the objection to unlawful discrimination, very

3

shortly thereafter, on October 12, 2023, Ms. McCulley, along with manager Kiersten, met with Mr. Ruiz.

15. In this meeting, Ms. McCulley and Kiersten informed Plaintiff that his employment had been terminated, effective immediately.

16. As reasoning for his termination DPH vaguely stated that Mr. Ruiz was not "following the policies."

17. Neither Ms. McCulley nor Kiersten specified which policy had been violated by Plaintiff when the violation occurred, or the nature of the violation.

18. Mr. Ruiz had never been written up or disciplined while with DPH.

19. The only new policy implemented was DPH's unlawful English-only policy targeted at Spanish-speaking Hispanic employees.

20. It is clear that DPH discriminated against Mr. Ruiz based on race and ethnic characteristics (such as language) and terminated his employment in retaliation for his objections to the discrimination.

21. Any other reason theorized by DPH is mere pretext.

22. Defendant did not have a good faith basis for its actions.

23. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

24. Any reason provided by Defendant for its adverse employment action(s) against Plaintiff is a pretext and a cover-up for illegal discrimination and

4

retaliation.

25. The actions described hereinabove are indicative of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

26. Defendant terminated Plaintiff's employment because Plaintiff objected to the discrimination and abuse based on race to which Defendant subjected Plaintiff.

27. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and his termination, is sufficiently close to create the necessary temporal nexus between the events.

28. Defendant's animus towards Plaintiff based on race and ethnicity was the cause of Defendant's terminating Plaintiff's employment.

29. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff.

30. As a result of Defendant's unlawful and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

31. By reason of the foregoing, Defendant's actions affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens" in violation of § 1981.

32.   Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  DISCRIMINATION IN
## VIOLATION OF SECTION 1981 BASED ON RACE

33.   Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, above, as if fully set forth in this Count.

34.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

35.   The discrimination to which Plaintiff was subjected was based on his race.

36.   The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

37.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

38.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

39.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will:

40.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981;

41.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

42.     Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

43.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

44.     And award any additional relief that this Court deems just and appropriate.

## COUNT II:  RETALIATION IN VIOLATION OF SECTION 1981 BASED ON RACE

45.     Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, above, as if fully set forth in this Count.

46.     The acts of Defendant, by and through its agents and employees,

7

violated Plaintiff's rights against race retaliation under § 1981.

47.     The retaliation to which Plaintiff was subjected was based on his objections to race discrimination in the workplace, or what he reasonably believed to be race discrimination in the workplace.

48.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

51.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

   **WHEREFORE**, Plaintiff prays that this Court will:

52.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981;

8

53.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

54.     Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

55.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

56.     And award any additional relief that this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 3rd day of February, 2026.

*/s/ Andres Kroboth*
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

9